UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LEWIS, | Case No. 2:24-cv-0110-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| SYNCHRONY BANK, | |
| Defendant. | |

Pending before the court are plaintiff's two motions to strike, defendant's motion to set aside plaintiff's request for default, and plaintiff's motion "to show authority." For the reasons stated below, each is denied. Defendant is directed to file a response to plaintiff's second amended complaint by January 17, 2025.

**Motions to Strike**

Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Fed. R. Civ. P. 12(f). A Rule 12(f) motion seeks to avoid unnecessary expenditures of time and money by dispensing with spurious issues prior to trial. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517,

Plaintiff has filed two motions to strike. The first seeks to strike defendant's response to

1

1  plaintiff's objections to the July 22, 2024 findings and recommendations.  ECF No. 25.  The
2  second seeks to strike defendant's motion to set aside plaintiff's request for entry of default.  ECF
3  No. 35.  Neither motion is meritorious.  As an initial matter, plaintiff has failed to identify how
4  either of defendant's pleadings are redundant, immaterial, or scandalous.  Plaintiff argues that
5  defendant engaged in "fraud upon the court" because, in its response to his objections, it failed
6  "to recognize the federal implications of the financial practices in question, specially the use and
7  recognition of negotiable instruments under the California Commercial Code (Comm. Code) and
8  related federal laws."  ECF No. 25 at 2.  However, these arguments merely rehash plaintiff's
9  opposition to defendant's motion to dismiss.  And the court has already considered these
10 arguments and rejected them.  *See* ECF No. 19.  As for plaintiff's second motion to strike, the
11 Clerk of Court declined to enter default, *see* ECF No. 43, and so plaintiff's motion to strike
12 defendant's motion—which, as explained below, is moot—is also denied as moot.

**Motion to Set Aside Plaintiff's Request for Entry of Default**

14      On August 12, 2024, the court dismissed plaintiff's complaint and granted him thirty days
15 to file an amended complaint.  ECF No. 24.  Plaintiff filed a first amended complaint on
16 September 9, 2024, and a second amended complaint on September 16, 2024.  ECF Nos. 26 & 28.
17 Pursuant to Federal Rule of Civil Procedure 12, defendant's responsive pleading to the second
18 amended complaint was due twenty-one days later, on October 7, 2024.  On October 8, 2024,
19 plaintiff filed a request for entry of default for defendant's failure to file a responsive pleading.
20 ECF No. 30.  Two days later, defendant filed a motion to set aside plaintiff's request for entry of
21 default.  Since the Clerk of Court declined to enter default, *see* ECF No. 43, defendant's motion is
22 denied as moot.

**Motion to Show Authority**

24      Plaintiff has filed a motion asking this court to compel defendant's attorney to "produce
25 documentary evidence establishing his authorization to represent Synchrony Bank in this case,
26 per Calif. Code of Civil Procedure § 283(l)."  ECF No. 39 at 1.  The purported federal authority
27 plaintiff cites support of such action is inapplicable.  This motion is denied.
28

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion to strike, ECF No. 25, is denied.

2. Defendant's motion to set aside plaintiff's request for default, ECF No. 31, and plaintiff's motion to strike defendant's motion to set aside, ECF No. 35, are both denied as moot.

3. Plaintiff's motion to show authority, ECF No. 39, is denied.

4. Defendant is directed to file a response to plaintiff's second amended complaint by January 17, 2025.

IT IS SO ORDERED.

Dated:    December 16, 2024                                               
                                            JEREMY D. PETERSON
                                            UNITED STATES MAGISTRATE JUDGE