UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LEWIS,<br><br>                Plaintiff,<br><br>        v.<br><br>SYNCHRONY BANK,<br><br>                Defendant. | Case No.  2:24-cv-0110-DC-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

       Plaintiff Jon Lewis, proceeding pro se, alleges that defendant Synchrony Bank unlawfully refused to accept payment for his debt.  Defendant has filed a second motion to dismiss and plaintiff has filed a motion for findings of fact and conclusions of law.  For the reasons set forth below, I recommend (1) granting defendant's motion and dismissing the complaint without leave to amend and (2) denying plaintiff's motion for findings for fact and conclusions of law.

**Motion to Dismiss**

**I.       Allegations**

       The second amended complaint alleges that in March 2023 plaintiff entered into a consumer credit agreement with defendant through PayPal's online platform.  ECF No. 28 at 3.  This agreement included an offer, consideration, and acceptance.  *Id.*  Plaintiff fulfilled all contractual obligations, including tendering payments via negotiable instruments, yet defendant

rejected his payments and treated his debt as active. *Id.* at 3-4. Plaintiff alleges that because defendant received his tender and failed to either accept or dishonor the negotiable instruments, his debt was automatically discharged. *Id.* at 4.

Plaintiff brings numerous state and federal claims. For the federal claims, he brings claims under 12 U.S.C. § 412; 15 U.S.C. §§ 1601, 1692; 18 U.S.C. § 1581; 31 U.S.C. § 5118; and 42 U.S.C. §§ 1983, 1985. And for the state claims, he brings claims under various California Commercial Codes. Because plaintiff's federal claims fail to state a claim, and diversity jurisdiction is not satisfied, I recommend that plaintiff's federal claims be dismissed without leave to amend and the court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

**II.     Legal Standard**

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Dismissal may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013).

To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Accordingly, a plaintiff must include "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570 (2007). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

When evaluating a Rule 12(b)(6) motion, the court must accept all well-pleaded material factual allegations as true, but not legal conclusions. *Iqbal*, 556 U.S. at 678. The Supreme Court has explained that complaints consisting only of "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Likewise, a complaint is deficient if it presents nothing more than "naked assertion[s]" without "further factual enhancement." *Id*. at 557. The court may also consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987).

The court construes a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Dismissal of a pro se plaintiff's complaint is appropriate "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a [pro se litigant's pleading] may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   Discussion**

  **A.  Federal Claims**

Plaintiff relies on a series of federal statutes to support his claim that defendant was obligated to accept his self-created negotiable instrument. The court will address each in turn.

  **i.  Federal Reserve Act**

Plaintiff has not stated a claim for relief under the Federal Reserve Act, 12 U.S.C. § 412, because this statutory scheme does not contain a private right of action. *See Williams v. State Employees Credit Union*, No. 5:24-cv-0053-M-BM, 2024 WL 3843597, at *6 (E.D.N.C. July 23, 2024) ("[T]he Federal Reserve Act, codified at 12 U.S.C. § 412, does not 'create a private cause of action arising under federal law.'") (quotation omitted); *White v. Lake Union Ga Partners LLC, C/A,* No. 1:23-02852-VMC, 2023 WL 6036842, at *2 (N.D. Ga. July 14, 2023) ("[C]ourts across the country have held that [Section 16] does not provide plaintiffs with a private right of action and therefore does not establish federal question jurisdiction"); *Brown v. Home State Bank*, No. 23-CV-1620-BHL, 2023 WL 8436322, at *2 (E.D. Wis. Dec. 5, 2023) (The Federal Reserve Act is "entirely unrelated to consumer finance and does not provide any rights to a private citizen"). Plaintiff does not have the right to sue under this statute, therefore, this claim should be dismissed without leave to amend. *See Ritchie v. Chan*, No. 23-cv-1715-JO-BGS, 2024 WL

3

270108, at *2 (S.D. Cal. Jan. 23, 2024).

### ii. The Sherman Act

Plaintiff alleges that defendant violated 15 U.S.C. § 1 (the "Sherman Act") when it dishonored or refused to accept his negotiable instrument.

Section 1 of the Sherman Act outlaws "every contract, combination . . . , or conspiracy, in restraint of trade or commerce among the several States." 15 U.S.C. § 1. To bring a cognizable Section 1 claim, a plaintiff must plead facts demonstrating: "(1) a contract, combination or conspiracy among two or more persons or distinct business entities; (2) by which the persons or entities intended to harm or restrain trade or commerce among the several States, or with foreign nations; (3) which actually injures competition." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1047 (9th Cir. 2008).

The second amended complaint addresses none of the elements required to establish a claim. Plaintiff's § 1 claim is without merit and cannot serve as a basis for federal question jurisdiction. *Cf. Jolly v. Intuit Inc.*, 485 F. Supp. 3d 1191, 1200 (N.D. Cal. 2020) (exercising jurisdiction over a § 1 claim only after determining the plaintiff presented a cognizable theory).

### iii. Truth in Lending Act

The second amended complaint alleges claims under the Truth in Lending Act ("TILA"): 15 U.S.C. § 1601. A private party can pursue a claim under TILA. *See* 15 U.S.C. § 1640 (TILA's civil liability provision). In general, "[t]he purpose of the TILA is to promote the informed use of credit by consumers" and "TILA's requirements principally focus on disclosures that creditors must make when offering credit." *Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 887 (9th Cir. 2011). But plaintiff does not complain about disclosures. Instead, he bases his TILA claim on defendant's dishonor of, or failure to accept, his negotiable instrument. There are no additional factual allegations that would render that a plausible basis for a TILA claim.

### iv. Fair Debt Collection Practices Act ("FDCPA")

Congress enacted the FDCPA to address "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," 15 U.S.C. § 1692(a), and "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using

4

abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).  A violation of any of the prohibited activities listed in the FDCPA by a "debt collector" gives rise to a private cause of action.  *See* 15 U.S.C. § 1692k (addressing civil liability for debt collectors who fail to comply with provisions of the subchapter).

A FDCPA claim requires that: (1) the plaintiff is a consumer; (2) "the debt arises out of a transaction entered into for personal purposes"; (3) the defendant is a debt collector; and (4) a violation of a provision under the FDCPA. *Datta v. Asset Recovery Sols., LLC*, 191 F. Supp. 3d 1022, 1028 (N.D. Cal. 2016).  The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts," or (2) any person "who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  This claim fails because plaintiff has not alleged that defendant is a debt collector.

### v.   18 U.S.C. § 1581

18 U.S.C. § 1581 governs peonage and obstructing enforcement.  Federal criminal statutes, however, do not provide a basis for a private cause of action and must be prosecuted by the Attorney General.  *Frost v. Robertson*, 2009 WL 735690, at *16 (D. Idaho Mar. 19, 2009). Plaintiff has failed to cite, and I am unable to locate, any authority to support a civil cause of action for violations of this provision.  Therefore, this claim should be dismissed with prejudice for failure to state a claim.  *See Partin v. Gevatoski*, No. 6:19-cv-1948-AA, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020) (finding that there is no private cause of action under 18 U.S.C. § 1581).

### vi.   31 U.S.C. § 5118

31 U.S.C. § 5118 suspended the gold standard.  The statute is definitional only and does not "provide any private cause of action which would confer jurisdiction to this Court." *Bell v. JP Morgan Chase Bank*, CIV 06-11550, 2007 WL 107833, at *3-4 (E.D. Mich. Jan. 8, 2007).

5

### vii. 42 U.S.C. §§ 1983 & 1985

Plaintiff's claims under 42 U.S.C. § 1983 and conspiracy to interfere with civil rights under 42 U.S.C. § 1985(2) are inadequately alleged. To state a § 1983 claim, plaintiff must allege facts showing that he was deprived of a federal or constitutional right *and* that "the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). The complaint includes no allegations that defendant was acting under the color of state law.[1]

Liability exists for conspiracy under 42 U.S.C. § 1985(2) if

> [T]wo or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.

42 U.S.C. § 1985(2). A conspiracy claim under § 1985(2) requires a direct or indirect purpose of depriving a person of the equal protection of the laws, or the equal privileges or immunities under the laws, and a class race-based animus. *See Bretz v. Kelman*, 773 F.2d 1026, 1028 (9th Cir. 1985) (en banc). Here, plaintiff has not alleged any facts demonstrating that there was a conspiracy or that any actions taken by defendant were racially motivated.

### B. State Law Claims

Plaintiff's remaining claims allege violations of California law. Because the complaint fails to establish diversity jurisdiction, the court's jurisdiction depends on whether plaintiff asserts a claim arising under federal law.[2] *See* 28 U.S.C. §§ 1331, 1332; *see also Bautista v. Pan Am.*

---

[1] The allegation that plaintiff is "acting for the ens legis as the principal . . . on behalf of the United States' obligations. . . ." and does not change the fact that the complaint fails to allege that defendant is acting under the color of state law. ECF No. 28 at 5-6.

[2] To proceed in federal court, plaintiff's complaint must establish that subject matter jurisdiction exists. There are two available grounds: "federal question" jurisdiction, which requires a claim raising a federal law issue, or "diversity" jurisdiction," which requires a dispute between citizens of different states and an amount in controversy that exceeds $75,000. *See* 28

6

1   *World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987) (holding that the complaint must
2   specifically allege diverse citizenship of all parties to invoke diversity jurisdiction).  Since
3   plaintiff has not stated a federal claim, the court should decline to exercise supplemental
4   jurisdiction over plaintiff's state law claims. and dismiss those claims.  *See* 28 U.S.C.
5   § 1367(c)(3) (district court may decline supplemental jurisdiction over claim where "court has
6   dismissed all claims over which it has original jurisdiction"); *Carnegie-Mellon Univ. v. Cohill*,
7   484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated
8   before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—
9   judicial economy, convenience, fairness, and comity—will point toward declining to exercise
10  jurisdiction over the remaining state-law claims."); *United Mine Workers of Am. v. Gibbs*, 383
11  U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of
12  comity and to promote justice between the parties, by procuring for them a surer-footed reading
13  of the applicable law.").

**Motion for Findings of Fact and Conclusions of Law**

15  Plaintiff has also filed a motion for findings of fact and conclusions of law pursuant to
16  Federal Rule of Civil Procedure 52(b).  ECF No. 45.  "Rule 52 generally addresses the courts'
17  duty to prepare written findings of fact and conclusions of law in actions 'tried on the facts
18  without a jury or with an advisory jury.'"  *Ceja v. Scribner*, 2016 WL 4035665, at *7 (C.D. Cal.
19  Mar. 3, 2016) (quoting Fed. R. Civ. P. 52(a)).  Rule 52(b) provides that the Court "may amend its
20  findings–or make additional findings–and may amend the judgment accordingly."  Fed. R. Civ. P.
21  52(b).  Rule 52(b) "permits a court to amend findings made after a bench trial."  *Crane-McNab v.*
22  *Cty. of Merced*, 773 F. Supp. 2d 861, 873 (E.D. Cal. 2011).  Rule 52(a) also provides that the
23  court "is not required to state findings or conclusions when ruling on a motion under Rule 12 or
24  56 or, unless these rules provide otherwise, on any other motion."  Fed. R. Civ. P. 52(a)(3); *see*

---

U.S.C. §§ 1331, 1332.  The complaint does not allege the necessary amount in controversy to satisfy diversity jurisdiction.  As I noted in my order addressing defendant's previous motion to dismiss, the complaint falls short of establishing that the amount at stake in this litigation is greater than $75,000.  ECF No. 19 at 7.  Plaintiff has not amended his allegations to address this deficiency.

7

*also Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 772 (9th Cir. 1986) ("Rule 52(a) provides that findings of fact and conclusions of law are unnecessary in decisions on motions.").

Because I am recommending that plaintiff's second amended complaint be dismissed without leave to amend (before trial), plaintiff's Rule 52(b) motion is without merit and should be denied. *See Hamid v. Price Waterhouse*, 51 F.3d 1411, 1415 (9th Cir. 1995) (Rule 52(b) was inapplicable because the action was dismissed before trial, and thus the district court "did not hear evidence or make findings" for purposes of Rule 52(b)); *see also Peck v. U.S.*, 2012 WL 1301232, at *1 (E.D. Cal. Apr. 13, 2012).

**Conclusion**

Although plaintiff does not explicitly identify himself as such, plaintiff's filings are "replete with the legal-sounding but meaningless verbiage commonly used by adherents to the so-called sovereign-citizen movement." *Sealey v. Branch Banking & Tr. Co.*, No. 2:17CV785-MHT-SMD, 2019 WL 1434065, at *2 (M.D. Ala. Feb. 21, 2019). For example, plaintiff appears to subscribe to the theory that a person's name, when spelled in all capital letters, refers to a separate legal entity, *see Monroe v. Beard*, 536 F.3d 198, 203 n.4 (3d Cir. 2008), repeatedly cites the California Commercial Code, and argues that a "promissory note" or similar document is a form of money, a meritless assertion that courts "have easily rejected." *See Bendeck v. U.S. Bank Nat'l Ass'n*, No. 17-00180 JMS-RLP, 2017 WL 2726692, at *4 (D. Haw. June 23, 2017). Because these types of claims have been "consistently and thoroughly rejected by every branch of the government for decades[,] . . . advancement of such utterly meritless arguments is now the basis for serious sanctions imposed on civil litigants who raise them." *United States v. Studley*, 783 F.2d 934, 937 n.3 (9th Cir. 1986).

Accordingly, the second amended complaint should be dismissed. And given the complaint's deficiencies and that plaintiff has already been given multiple opportunities to amend his complaint, I find that granting plaintiff another opportunity to amend would not cure the current complaint's deficiencies. I therefore recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend, leave to amend should not be granted where it

appears amendment would be futile); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (internal quotation marks omitted).

Accordingly, it is hereby RECOMMENDED that:

1. Defendant's motion to dismiss, ECF No. 47, be GRANTED.

2. The second amended complaint's federal claims, ECF No. 28, be DISMISSED without leave to amend.

3. The court decline to exercise supplemental jurisdiction over plaintiff's state law claims.

4. Plaintiff's motion for findings of fact and conclusions of law, ECF No. 45, be DENIED.

5. The Clerk of Court be directed to close this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   May 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE