UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JON LEWIS, | Case No. 2:24-cv-0110-DC-JDP (PS) |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| SYNCHRONY BANK, | |
| Defendant. | |

On May 14, 2025, I recommended that defendant's motion to dismiss be granted, plaintiff's federal claims be dismissed without leave to amend, and the court decline to exercise supplemental jurisdiction over his state law claims. ECF No. 54. On September 17, 2025, the court adopted the findings and recommendations, dismissed plaintiff's second amended compliant without leave to amend, and entered judgment accordingly. ECF Nos. 61 & 62. Plaintiff has now filed a motion to alter or amend the judgment. ECF No. 63. I recommend that motion be denied.

A district court may reconsider a ruling under either Federal Rule of Civil Procedure 59(e) or 60(b). *See Sch. Dist. Number. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). A grant of a motion to amend or alter judgment under Rule 59(e) is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *See Kona Enters. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)). A motion to amend or alter

1

judgment should be granted only where a court "'is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).  Under the court's local rules, a motion for reconsideration must specify "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal. L.R. 230(j)(3)-(4).

Plaintiff does not identify any new evidence, clear error, or intervening change in law. Instead, he argues that the court's judgment is void because defense counsel did not a "letter of authority, power of attorney, corporate resolution, or other instrument" demonstrating that counsel was authorized to represent defendant.  ECF No. 63 at 2.  Although an attorney must be granted admission to practice before this court, there is no requirement that counsel verify authorization to represent his or her client.  Plaintiff has failed to demonstrate any basis for reconsidering the court's September 17, 2025 judgment.

Accordingly, it is hereby RECOMMENDED that plaintiff's motion to alter or amend the judgment, ECF No. 63, be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days of service of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Any such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations," and any response shall be served and filed within fourteen days of service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 21, 2025                         
                                      JEREMY D. PETERSON
                                      UNITED STATES MAGISTRATE JUDGE